FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 04, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SOTO et al., | No.  1:23-cv-03016-EFS |
| BRITO et al., | 1:23-cv-03038-EFS |
| VERA ESQUIVEL et al., | 2:23-cv-00032-EFS |
| GARCIA et al., | 2:23-cv-00047-EFS |
| BRAVO et al., | 2:23-cv-00068-EFS |
| REYNA et al., | 2:23-cv-00108-EFS |
| PINEDA RAMOS et al., | 2:23-cv-00111-EFS |
| ZAMUDIO LEON et al., | 2:23-cv-00117-EFS |
| MARTINEZ et al., | 2:23-cv-00118-EFS |
| MORENO FRAIJO et al., | 2:23-cv-00119-EFS |
| ZAVALA FIGUEROA et al., | 2:23-cv-00122-EFS |
| PEREZ HERANDEZ et al., | 2:23-cv-00124-EFS |
| CAMACHO CARRILLO et al., | 2:23-cv-00125-EFS |
| BARAJAS GALVAN et al., | 2:23-cv-00129-EFS |
| DIAZ-GODINEZ et al., | 2:23-cv-00131-EFS |
| ROJAS et al., | 2:23-cv-00132-EFS |
| PAMATZ VALENCIA et al., | 2:23-cv-00133-EFS |

| | | |
|---|---|---|
| 1 | MEDINA et al., | 2:23-cv-00134-EFS |
| 2 | CANCINO VALDOVINOS et al., | 2:23-cv-00135-EFS |
| 3 | FLORES LIMON et al., | 2:23-cv-00137-EFS |
| 4 | MONTES et al., | 2:23-cv-00138-EFS |
| 5 | LEYVA MORALES et al., | 2:23-cv-00139-EFS |
| 6 | CASTREJON et al., | 4:23-cv-05059-EFS |
| 7 | CHAVEZ MELLIN et al., | 4:23-cv-05062-EFS |
| 8 | IBARRA DIAZ et al., | 4:23-cv-05063-EFS |
| 9 | CALDERON et al., | 4:23-cv-05064-EFS |
| 10 | ESCALERA MALDONADO et al., | 4:23-cv-05066-EFS |
| 11 | RAMIREZ RIVERA et al., | 4:23-cv-05067-EFS |
| 12 | JAYED et al., | 4:23-cv-05069-EFS |
| 13 | Plaintiffs, | |
| 14 | v. | **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' COMBINED MOTIONS TO AMEND OR ALTER JUDGMENT: The Judgments are Not Altered but the Court Further Explains its Dismissal of the Mandamus Claims and Extends the Deadline for Appeal** |
| 15 | | |
| 16 | LOREN K. MILLER, Director, Nebraska Service Center, U.S. Citizenship and Immigration Services, in his official capacity as well as his successors and assigns; ALEJANDRO MAYORKAS, Secretary, U.S. Department of Homeland Security, in his official capacity as well as his successors and assigns; UR MENDOZA JADDOU, Director, U.S. Citizenship and Immigration Services, in her official capacity as well as her successor and assigns; ANTONY J. BLINKEN, Secretary of State, U.S. Department of State, in his official capacity as well as | |

his successors and assigns; PHILLIP SLATTERY, Director, National Visa Center, U.S. Department of State, in his official capacity as well as his successors and assigns; AND RICHARD C. VISEK, Acting Legal Adviser, U.S. Department of State, in his official capacity as well as his successors and assigns,

Defendants.

The Court previously found that it lacks subject-matter jurisdiction to hear Plaintiffs' claims, both the claim brought under the Administrative Procedures Act (APA) alleging that Defendants have unreasonably delayed adjudicating the filed I-601A applications for provisional unlawful process waivers and the claim under the Mandamus Act for an order requiring Defendants to adjudicate the filed applications.[1] Plaintiffs now ask the Court to 1) alter the Judgments by reconsidering the finding that the Court lacks jurisdiction to hear the mandamus claim; 2) revise language in the Court's analysis as to 8 U.S.C. § 1182(a)(9)(B)(v); and 3) stay entry of the Judgments. Defendants oppose the motion, arguing that

---

[1] The Court denied Plaintiffs' request to consolidate these lawsuits, but because the lawsuits involve similar legal issues, the Court allowed the parties to file comprehensive, identical briefs in each case. The Court likewise does the same with its Orders. Because filings in each case have different ECF Nos., the Court will not cite to an ECF No. for the Dismissal Order but simply cites the Dismissal Order's page number.

Plaintiffs fail to establish the need to revise the prior Dismissal Order or for a stay of judgment. As is explained below, the Court clarifies its reasons for dismissing the mandamus claim for lack of subject-matter jurisdiction, declines to modify its analysis as to the APA claim, and declines to stay entry of judgment but extends the time to file a notice of appeal.

**A.     Procedural Background**

Through separately filed complaints, Plaintiffs ask the Court to compel U.S. Citizenship and Immigration Services (USCIS) to process their I-601A applications for waiver of unlawful presence and, once that process is complete, to compel the State Department to schedule the interviews for DS-260 immigrant visa applications. Plaintiffs seek this relief pursuant to the APA (5 U.S.C. §§ 555(b), 706(1)) and through a writ of mandamus (28 U.S.C. § 1361).

The Court dismissed all claims.[2] The Court's analysis in its Dismissal Order focused on Plaintiff's APA claim. In regard to the writ-of-mandamus claim, the Court simply stated:

> If the relief sought by plaintiffs through a writ of mandamus is essentially the same as that sought under the APA, the Court may consider the claim under the APA. Because Plaintiffs seek the same relief through both their APA claims and the requested writs of mandamus, the Court considers the claims under the APA.[3]

---

[2] In addition to dismissing the APA and Mandamus Act claims related to the I-601A applications, the Court dismissed Plaintiffs' claims related to the DS-260 applications as premature. Dismissal Order at 16.

[3] Dismissal Order at 9.

After finding that 8 U.S.C. § 1182(a)(9)(B)(v)'s[4] last "jurisdiction-stripping" sentence divests the Court of jurisdiction to hear the APA unreasonable-delay claim, the Court entered judgment dismissing both the APA and mandamus claims.

Pursuant to Federal Rule of Civil Procedure 59(e), Plaintiffs now ask the Court to revisit its dismissal of the mandamus claim, arguing that the question of whether a court has jurisdiction over an APA claim and a writ-of-mandamus claim are separate questions. More pointedly, Plaintiffs argue that the Court has jurisdiction over the asserted mandamus claim because 1) the definition of "agency action" in the APA does not apply to the Mandamus Act, and 2) the restriction on judicial "review" specified in the last sentence of § 1182(a)(9)(B)(v) does not extend to actions under the Mandamus Act. Defendants argue that Plaintiff is relitigating the jurisdiction-stripping issue, which was already presented and therefore is not a basis for Rule 59(e) relief. Moreover, Defendants argue that, given the nature of

---

[4] Section 1182(a)(9)(B)(v) states:

> The Attorney General has sole discretion to waive clause (i) in the case of an immigrant who is the spouse or son or daughter of a United States citizen or of an alien lawfully admitted for permanent residence, if it is established to the satisfaction of the Attorney General that the refusal of admission to such immigrant alien would result in extreme hardship to the citizen or lawfully resident spouse or parent of such alien. No court shall have jurisdiction to review a decision or action by the Attorney General regarding a waiver under this clause.

Like in the Dismissal Order, the Court refers to the statutorily referenced Attorney General as "USCIS."

Plaintiffs' unreasonably-delay claims, APA and mandamus jurisdiction are concurrent matters.

Even though the Court abides by its decision that it lacks jurisdiction over both the APA and the mandamus claims, there are nuances to the legal analysis for the mandamus claim that are best further explained before appeal. As is explained below, the mandamus claim was dismissed because of the discretion 8 U.S.C. § 1182(a)(9)(B)(v) gives to USCIS when adjudicating I-601A applications, along with Congress's clear intent that a court be precluded from reviewing such decision or action.

**B.   Legal Standards for Altering a Judgment**

Federal Rule of Civil Procedure 59(e) allows a party to ask the court to alter or amend a judgment.[5] Amendment or alteration of a judgment is appropriate under Rule 59(e) if "1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; 2) the moving party presents newly discovered or previously unavailable evidence; 3) the motion is necessary to prevent manifest injustice; or 4) there is an intervening change in controlling law."[6]

Plaintiffs do not present newly discovered evidence or establish manifest injustice or an intervening change in controlling law. But the Court acknowledges that its Dismissal Order's analysis as to the mandamus claim did not clearly reflect

---

[5] There is no dispute that Plaintiffs timely filed their motion. Fed. R. Civ. P. 59(e).

[6] *Hiken v. Dep't of Def.*, 836 F.3d 1037, 1042 (9th Cir. 2016) (cleaned up).

the basis for why the Court lacks subject-matter jurisdiction over the mandamus claim. Like the Court's Dismissal Order, the parties' initial dismissal briefing did not focus on the mandamus claim, but the briefing did discuss a key component of the mandamus-jurisdiction issue—whether USCIS has a discretionary duty to adjudicate the filed I-601A applications. Regardless of whether the Court's bare-bones analysis of the mandamus claim qualifies as a manifest error of law, the Court clarifies its prior analysis of the mandamus claim.[7] The Court will not, however, amend the entered Judgments dismissing Plaintiffs' APA and mandamus claims, as the Court lacks subject-matter jurisdiction over both claims.

**C.    Mandamus Claim, 28 U.S.C. § 1361**

The federal mandamus statute provides, "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."[8] Courts have power to issue a writ of mandamus to compel a federal official to perform a duty if: "(1) the individual's claim is clear and certain; (2) the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free

---

[7] *See also Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (recognizing the district court has a responsibility to determine if subject-matter jurisdiction exists); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

[8] 28 U.S.C. § 1361.

from doubt; and (3) no other adequate remedy is available."[9] Mandamus can also be "employed to compel action, when refused, in matters involving judgment and discretion, but not to direct the exercise of judgment or discretion in a particular way nor to direct the retraction or reversal of action already taken in the exercise of either."[10] A duty is ministerial if it is "plainly prescribed as to be free from doubt and equivalent to a positive command," whereas, if a duty "depends upon a statute or statutes the construction or application of which is not free from doubt, it is regarded as involving the character of judgment or discretion which cannot be controlled by mandamus."[11]

Because the court's power to issue a writ of mandamus under the Mandamus Act is based on satisfying these requirements, these requirements must be met if the court is to have jurisdiction over the mandamus claim.[12]

---

[9] *Patel v. Reno*, 134 F.3d 929, 931 (9th Cir. 1986) (cleaned up). *See also Mallard v. U.S. Dist. Ct. for the S. Dist. Of Iowa*, 490 U.S. 296, 309 (1989) (recognizing that mandamus is an "extraordinary remedy").

[10] *Wilbur v. U.S. ex rel. Kadrie*, 281 U.S. 206, 218, (1930).

[11] *Miguel v. McCarl*, 291 U.S. 442, 451 (1934).

[12] *See Abbey v. Sullivan*, 978 F.2d 37, 47 (2d Cir. 1992); *Rush v. Parham*, 625 F.2d 1150, 1154 (5th Cir. 1980); *Maczko v. Joyce*, 814 F.2d 308, 310 (6th Cir. 1987)*; Deloria v. Veterans Admin.*, 927 F.2d 1009, 1013–14 (7th Cir. 1991); *Carpet, Linoleum & Resilient Tile Layers v. Brown*, 656 F.2d 564, 567 (10th Cir. 1981).

As the Court recognized in the Dismissal Order, the Ninth Circuit in *Independence Mining Co. v. Babbitt*[13] analyzed a claim seeking mandamus under the Mandamus Act as one for mandamus relief under the APA because it sought essentially the same relief, i.e., to compel agency action unlawfully withheld or delayed. In *Independence Mining Co.*, the applicant for mineral patents sought an order compelling the government to decide a pending mineral-patent application within 90 days, bringing a claim under both the APA and the Mandamus Act. The issue on appeal focused on the merits of whether mandamus relief was appropriate after considering the relevant factors, one of which was whether the agency had a ministerial duty or a discretionary duty to issue mineral patents.

Here, the question of ministerial duty versus discretionary duty is key to whether the Court has subject-matter jurisdiction over Plaintiffs' Mandamus Act claim. The language used in both sentences of 8 U.S.C. § 1182(a)(9)(B)(v) makes clear that USCIS's duty to adjudicate I-601A applications is a duty that involves the exercise of discretion. The first sentence grants USCIS "sole discretion" to waive unlawful presence after considering the listed factors, and the second jurisdiction-stripping sentence precludes court review of "a decision or action by [USCIS] regarding a waiver under this clause."[14] Because § 1182(a)(9)(B)(v) grants USCIS discretion as to whether to grant or deny a I-601A application after considering the

---

[13] 105 F.3d 502, 507 (9th Cir. 1997).

[14] 8 U.S.C. § 1182(a)(9)(B)(v).

relevant factors, this "discretion should not be controlled by the judiciary" through a writ of mandamus.[15] Likewise, there is nothing in the Immigration and Nationality Act (INA) that directs USCIS to adjudicate a filed I-601A application in a set time frame. USCIS's duty to adjudicate I-601A applications is not a nondiscretionary or ministerial duty. The Mandamus Act does not afford the Court jurisdiction to compel USCIS to act on a filed application in a certain time frame.[16]

For these reasons, the Mandamus Act claim was dismissed.[17]

**D.   Request to Limit Language**

When analyzing the last sentence of § 1182(a)(9)(B)(v), the Court in the Dismissal Order stated:

> Clearly, no "decision" has been made on the pending I-601A applications. *But USCIS has made decisions about how to act on, or*

---

[15] *See Carpet, Linoleum & Resilient Tile Layers*, 656 F.2d at 566.

[16] There is no allegation that USCIS has decided to ignore or refuse to process the filed I-601A applications. *See Barron v. Reich*, 13 F.3d 1370, 1376 (9th Cir. 1994) (cleaned up) (discussing *Soler v. Scott*, 942 F.2d 597, 9th Cir. 1991), *vacated by Sively v. Soler*, 506 U.S. 969 (1992).

[17] While the Court's APA-jurisdiction analysis focused solely on the last jurisdiction-stripping sentence of § 1182(a)(9)(B)(v), *see* Dismissal Order at 9–10, the Court lacks jurisdiction over the Mandamus Act claim due to the discretion afforded to USCIS by Congress as reflected in both sentences of § 1182(a)(9)(B)(v).

>   *process, the I-601A applications, such as decisions as to staffing and application procedures, including its first-in-first-out policy.*[18]

Plaintiffs argue that this emphasized language is too broad because a policy-level decision is not a decision "regarding a waiver" and the language conflicts with the Court's subsequent statement that "USCIS does not have discretion as to whether to adjudicate the application."[19] Alternatively, Plaintiffs ask the Court to amend the Dismissal Order to remove the language and acknowledge that the Court is granting USCIS complete, unfettered discretion to decide not to adjudicate waiver applications. Defendants oppose Plaintiffs' request.

It is Congress's—not this Court's—role to grant (or not to grant) USCIS discretion as to I-601A waiver applications. Congress's wording of § 1182(a)(9)(B)(v) gives USCIS discretion to decide *when* to act—short of refusal—on the filed applications. The Court declines to modify the Dismissal Order's language in this regard. The question of what claim(s) a plaintiff may pursue if USCIS ignores or refuses their duty to adjudicate the filed applications is not before the Court.

E.   **Stay -- Extension to File an Appeal**

Lastly, Plaintiffs ask the Court to reserve final judgment because a stay will preserve significant resources for the judiciary and parties because these cases involve the same legal issues pending before the Ninth Circuit in *Mercado v.*

---

[18] Dismissal Order at 13 (emphasis added).

[19] Dismissal Order at 15.

*Miller*.[20] Defendants oppose the requested stay, highlighting that Plaintiffs knew that the *Mercado* appeal was pending prior to the Court's Dismissal Order—and did not earlier seek a stay—and it is unknown when the Ninth Circuit will issue its decision in *Mercado*.

The Court declines to enter a stay. Yet, to balance the need for finality with the need to efficiently use litigant, government, and judicial resources, the Court finds good cause to extend the deadline for Plaintiffs to appeal by 30 days. Therefore, in addition to the 60 days after entry of this Order, Plaintiffs have 30 more days to file the notice of appeal.[21] This extended period may potentially permit the parties to have the benefit of the Ninth Circuit's decision in *Mercado v. Miller* before filing an appeal in these lawsuits.

---

[20] *Mercado v. Miller*, No. 2:22-cv-2182-JAD-EJY, 2023 WL 4406292 (D. Nev. July 7, 2023), *appeal pending*, No. 23-16007 (9th Cir. 2023).

[21] Fed. R. App. P. 4(a)(1)(B) (requiring the notice of appeal to be filed within 60 days after entry of the order appealed from if one of the parties is a United States officer or employee sued in an official capacity); Fed. R. App. P. 4(a)(4)(A) (setting the time to file an appeal based on the entry of the order disposing of a motion under Federal Rule of Civil Procedure 59); Fed. R. App. P. 4(a)(5) (allowing the district court to extend the prescribed time to file a notice of appeal by 30 days if a party shows good cause).

## II. CONCLUSION

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiffs' Combined Motions to Amend or Alter Judgment in each of these cases is **GRANTED IN PART AND DENIED IN PART**:

    - *Soto et al. v. Miller et al.*, 23-cv-3016-MKD, **ECF No. 20**
    - *Brito et al. v. Miller et al.*, 1:23-cv-03038-EFS, **ECF No. 18**
    - *Vera Esquivel et al. v. Miller et al.*, 2:23-cv-00032-EFS, **ECF No. 20**
    - *Garcia et al. v. Miller et al..*, 2:23-cv-00047-EFS, **ECF No. 18**
    - *Bravo et al. v. Miller et al.*, 2:23-cv-00068-EFS, **ECF No. 18**
    - *Reyna et al. v. Miller et al.*, 2:23-cv-00108-EFS, **ECF No. 18**
    - *Pineda Ramos et al. v. Miller et al.*, 2:23-cv-00111-EFS, **ECF No. 18**
    - *Zamudio Leon et al. v. Miller et al.*, 2:23-cv-00117-EFS, **ECF No. 18**
    - *Martinez et al. v. Miller et al.*, 2:23-cv-00118-EFS, **ECF No. 19**
    - *Moreno Fraijo et al. v. Miller et al.*, 2:23-cv-00119-EFS, **ECF No. 18**
    - *Zavala Figueroa et al. v. Miller et al.*, 2:23-cv-00122-EFS, **ECF No. 18**
    - *Perez Hernandez et al. v. Miller et al.*, 2:23-cv-00124-EFS, **ECF No. 18**
    - *Camacho Carrillo et al. v. Miller et al.*, 2:23-cv-00125-EFS, **ECF No. 18**
    - *Barajas Galvan et al. v. Miller et al.*, 2:23-cv-00129-EFS, **ECF No. 18**
    - *Diaz-Godinez et al. v. Miller et al.*, 2:23-cv-00131-EFS, **ECF No. 18**
    - *Rojas et al. v. Miller et al.*, 2:23-cv-00132-EFS, **ECF No. 18**
    - *Pamatz Valencia et al. v. Miller et al.*, 2:23-cv-00133-EFS, **ECF No. 18**
    - *Medina et al. v. Miller et al.*, 2:23-cv-00134-EFS, **ECF No. 18**

- *Cancino Valdovinos et al. v. Miller et al.*, 2:23-cv-00135-EFS, **ECF No. 19**
- *Flores Limon et al. v. Miller et al.*, 2:23-cv-00137-EFS, **ECF No. 18**
- *Montes et al. v. Miller et al.*, 2:23-cv-00138-EFS, **ECF No. 19**
- *Leyva Morales et al. v. Miller et al.*, 2:23-cv-00139-EFS, **ECF No. 18**
- *Castrejon et al. v. Miller et al.*, 4:23-cv-05059-EFS, **ECF No. 18**
- *Chavez Mellin et al. v. Miller et al.*, 4:23-cv-05062-EFS, **ECF No. 18**
- *Ibarra Diaz et al. v. Miller et al.*, 4:23-cv-05063-EFS, **ECF No. 18**
- *Calderon et al. v. Miller et al.*, 4:23-cv-05064-EFS, **ECF No. 20**
- *Escalera Maldonado et al. v. Miller et al.*, 4:23-cv-05066-EFS, **ECF No. 18**
- *Ramirez Rivera et al. v. Miller et al.*, 4:23-cv-05067-EFS, **ECF No. 19**
- *Jayed et al. v. Miller et al.*, 4:23-cv-05069-EFS, **ECF No. 18**

IT IS SO ORDERED. The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 4th day March 2024.

*[signature: Edward F. Shea]*

EDWARD F. SHEA
Senior United States District Judge